UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael VanOpynen,

    Plaintiffs,

v.

FRANKFORT GREEN, LLC,
CRYSTAL REALTY II, LLC,
ROBERT PARK TERRY,
Individually and personally,

    Defendants.

File No.

Hon.

# COMPLAINT AND JURY DEMAND

Plaintiff, Michael VanOpynen, by and through his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, hereby represents:

### A. NATURE OF PROCEEDINGS

1. Plaintiff (hereafter "Plaintiff") is an employee of Defendant Frankfort Green (hereafter "FG" or "Defendant"), Crystal Realty II, LLC, (hereafter "CRII") and Robert Terry (hereafter sometimes referred to as "Individual Defendant").

2. Plaintiff brings this action for unpaid wages, liquidated damages, and attorney's fees and costs under §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), referred to hereinafter as the "Act."

## B. JURISDICTION AND VENUE

3. Jurisdiction of this action is based on §16(b) of the Act (29 U.S.C. § 216(b) and 28 U.S.C. § 1337).

4. Defendants have gross profits in the amount of $500,000 or more on an annual basis.

5. Defendant FG and Plaintiff regularly engage in interstate commerce. Employees of the company work with products and materials purchased from out of the state of Michigan and that travel across state lines, work on-line and on the phone with people in companies in different states for many functions, along with many other interstate connections.

6. The jurisdiction of this Court is further invoked pursuant to 28 USC §1367 for Plaintiff's state law claims.

7. Venue is proper within this judicial district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1392(a).

## C. PARTIES

8. Plaintiff was a salaried employee of Defendants.   Plaintiff resides in the State of Michigan.

9. Defendant Robert Terry is a resident of, and works out of Muskegon Michigan, in the Western District of Michigan. Defendant Terry was at all material times of this Complaint an "employer" pursuant to the provisions of 29 U.S.C. § 203(d) and was the decision maker regarding the pay and compensation of Plaintiff.

10. Defendant Frankfort Green, LLC is corporation that operates a marijuana growing facility at 116 Enterprise Dr., Reading, Michigan. The corporate offices are located in Grand Haven, Michigan and Muskegon, Michigan, in the Western District of Michigan. Defendant FG was at all relevant times an employer pursuant to the provisions of 29 U.S.C. § 203(d) and (e).

11. Defendant Crystal Realty II, LLC is a real estate holding company with its corporate offices in Muskegon MI, which owns and maintains the property of Frankfort Green. Plaintiff performs maintenance for the property, purchases equipment, and maintains the equipment and accounts for Crystal Realty II, and has received an occasional paycheck from the entity. Crystal Realty II is an "employer" pursuant to the provisions of 29 U.S.C § 203(d) and (e).

## D. CAUSE OF ACTION

### Background Facts

12. Plaintiff incorporates paragraphs 1 – 11 as though set forth herein.

13. Plaintiff VanOpynen is an employee of the company and helped Defendant Terry open the business at the end of 2017. Plaintiff provided premium product and expert growing knowledge, together with helped get the facility built and operating. He currently oversees operations, travels to and from vendors and other work-related locations, and works at the facility 60-70 hours per week.

14. Plaintiff was generous with his time in the first years getting the business up and running and was paid in "chunks" for his work. He received regular

bi-weekly pay checks from October of 2020 through January of 2022, at an $80,000 per year salary.

16. Mr. VanOpynen's last paycheck of $3,076.92 was issued January 20, 2022. He has continued to work his regular 60-70 hours per week, travelling as much for the company as he always has.

16. Plaintiff has continuously inquired of Defendant Terry as to when his pay was going to resume and when he would receive back pay. Plaintiff VanOpynen was given a myriad of excuses from Defendant Terry. Whether through manipulation (Mr. Terry is Mr. VanOpynen's paternal Uncle) or through an extreme work ethic, Mr. VanOpynen has continued to work hard and successfully for the last nine months without pay.

17. Plaintiff sent a written request in September of 2022 to the accounting firm that provides payroll services to FG requesting pay. The contact from the accounting firm confirmed the amount of back pay owed to him at that time and informed him that she did not know when Defendant Terry planned to pay him.

18. Plaintiff has had to take out loans to put food on the table for his family and to pay his bills. Defendant Terry continues to refuse to pay him. Defendant Terry has also refused to pay company bills to utilities, vendors, testing facilities and transportation companies, though Plaintiff and other employees have urged him to pay his bills.

19.     Plaintiff's back pay due and owing is up to approximately $65,000 as of mid-November 2022, and continues to accumulate as of the date of this filing.

20.     Plaintiff has also accumulated significant mileage on his vehicle in all of the travelling he has done on behalf of the company without being reimbursed for it as agreed.   Plaintiff estimates he is owed approximately $34,240 for mileage reimbursement.

21.     Defendant Terry had full knowledge of the amount of hours the Plaintiff was working, had regular conversations with him on work-related subjects throughout each week he has worked, and has full knowledge that his back-pay amount continues to increase.

22.     Plaintiffs' counsel made Defendants aware of Plaintiff's claims and of potential litigation on October 31, 2022 with a litigation hold letter.   There has been no response.

## COUNT I - FLSA

23.     Plaintiffs incorporate paragraphs 1-23 as though set forth herein.

24.     During Plaintiffs' employment, Defendants employed Plaintiffs in commerce for many work weeks longer than 40 hours and have failed and refused to compensate Plaintiffs appropriately for such work.   This is contrary to the provisions of § 7(a) of the Act (29 U.S.C. § 207(a)).

25.      Plaintiff estimates that the sum of back wages due is approximately $65,000 for 10 months of work, and damages continue to accumulate.

26. Defendants' failure to pay Plaintiff's wages and other compensation as aforesaid was willful within the meaning of § 55(a) of the Act (29 U.S.C. § 255(a)) and not in good faith within the meaning of § 11 of the Portal to Portal Pay Act (29 U.S.C. § 260).

27. Based on the foregoing, Defendants have violated §6 and §7 of the Act (29 U.S.C. § 206, § 207) entitling Plaintiff to the compensation set forth in §16(b) of the Act (29 U.S.C. §216(b)).

28. Because Defendants' violation of the Act was not in good faith or based on reasonable grounds within the meaning of §11 of the Portal-to-Portal Act (29 U.S.C. § 260), Plaintiff is entitled to liquidated (double) damages under §16(b) of the Act (29 U.S.C. §216(b)).

## COUNT II - VIOLATION OF MICHIGAN WAGES AND FRINGE BENEFITS ACT

29. Plaintiff incorporates the previous paragraphs 1 – 28 as though set forth herein.

30. In refusing to pay the wages, commissions, and/or fringe benefits due Plaintiff in a timely manner, Defendants have violated the Michigan Wage and Fringe Benefits Act, MCL §§ 408.384(a), 408.475, 408.488.

31. Plaintiff estimates that he is owed wages and fringe benefits in an amount over $65,000.

32. As Defendant did not act in good faith or with reasonable grounds to believe he was paying Plaintiff legally, he owes a penalty of double or triple damages.

33. Plaintiff requests, pursuant to the remedies under this Act, that this Court order Defendants to pay Plaintiff the relief requested below.

## **RELIEF**

WHEREFORE, Plaintiffs request

A. Judgment against Defendants in the amount due for wages and compensation and other benefits due for the period of January 21, 2022 through present;

B. Liquidated damages in an amount that doubles or triples the amount of back wages owed;

C. Award to Plaintiffs for costs and reasonable attorney fees under the provisions of the Fair Labor Standards Act and/or the Michigan Wage Act; and

D. Any and all other awards to Plaintiff as this Court determines to be appropriate.

                                              PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                              Attorneys for Plaintiff

Dated:  November 15, 2022    By  */s/ Katherine Smith Kennedy*
                                                    Katherine Smith Kennedy
                                                    146 Monroe Center St NW, Suite 410
                                                    Grand Rapids, MI   49503
                                                    (616) 451-8496

## JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, and hereby demands a trial by jury of the entitled matter.

                                                             PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                                             Attorneys for Plaintiffs

Dated:   November 15, 2022      By   */s/ Katherine Smith Kennedy*
                                                            Katherine Smith Kennedy
                                                            146 Monroe Center St NW, Suite 410
                                                            Grand Rapids, MI   49503
                                                           (616) 451-8496
                                                           kskennedy@psfklaw.com